949 F.2d 400
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard REAL BIRD: Truman C. Jefferson, Defendants-Appellants.
 Nos. 91-30072, 91-30073.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 3, 1991.*
Decided Dec. 10, 1991.
 
 Before EUGENE A. WRIGHT, DAVID R. THOMPSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Real Bird and Jefferson appeal their conviction and sentence for embezzlement of Crow Tribal Housing Authority ("CTHA") funds. We have considered this appeal and find it wholly lacking in merit. We affirm.
 
 
 3
 Real Bird and Jefferson argue that they did not violate 18 U.S.C. § 1163 because they lacked direct control of CTHA funds. In United States v. Brame, 657 F.2d 1090, 1093 (9th Cir.1981), we refused to limit applicability of section 1163 to tribal officials. See also S.Rep. No. 2723, 84th Cong., 2d Sess., reprinted in U.S.Code Cong. & Ad.News 3841, 3841-42 (1956) (Congress intended broad construction of statute). There is no reason to limit it to tribal officials who exercise direct control over the funds.
 
 
 4
 Real Bird and Jefferson further argue that there is insufficient evidence to support their convictions. The record reveals ample evidence to sustain them.
 
 
 5
 They next argue that LaForge's testimony was inadmissible hearsay. Given the overwhelming evidence of guilt in this case, even if the testimony complained of was hearsay, any error was harmless. See United States v. Bordallo, 857 F.2d 519, 526 (9th Cir.1988).
 
 
 6
 We find no colorable argument that admitting evidence of political influence violates due process.
 
 
 7
 Real Bird and Jefferson also challenge the court's calculation of restitution. The court ordered the two to pay $6,300, the amount CTHA disbursed for foundations for their homes. Whether the contractor actually used all of the funds in constructing the foundations is irrelevant; the CTHA still suffered the loss. The court did not abuse its discretion in calculating restitution.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3